**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLES K. HUDSON )<br>2244 SE 70th Ave )<br>Portland, OR 97215 )<br>           )<br>         Plaintiff, )<br>     v. )<br>           )<br>SALLY JEWELL )<br>Secretary of the Interior )<br>U.S. Department of the Interior )<br>1849 C Street, N.W. )<br>Washington, D.C. 20240, )<br>           )<br>KEVIN WASHBURN )<br>Assistant Secretary – Indian Affairs )<br>U.S. Department of the Interior )<br>1849 C Street, N.W. )<br>Washington, D.C. 20240, )<br>           )<br>UNITED STATES DEPARTMENT OF )<br>THE INTERIOR )<br>1849 C Street, N.W. )<br>Washington, D.C. 20240, )<br>           )<br>         Defendants. )<br>_____ ) | CIVIL ACTION NO. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**NATURE OF THE ACTION**

**1.**     Pursuant to 28 U.S.C. §§ 2201 and 2202, plaintiff Charles K. Hudson ("Plaintiff") seeks declaratory and injunctive relief against the United States Department of the Interior ("Interior" or the "Department"), its Secretary Sally Jewell, ("Secretary"), and its Assistant Secretary for Indian Affairs, Kevin Washburn ("Assistant Secretary").  Plaintiff challenges the Order of the Interior Board of Indian Appeals ("IBIA"), *Hudson v. Great Plains Regional Director*, 61 IBIA 253 (2015), attached as Exhibit 1, denying his appeal of the decision of the

Great Plains Regional Director ("Regional Director") of the Bureau of Indian Affairs ("BIA") to uphold the results of a Secretarial Election ("Election") conducted on July 30, 2013 by Defendants. Specifically, the Regional Director affirmed the Election despite (1) the provision of misleading ballot information to tribal members discouraging off-reservation voter participation, which tainted the election and likely led to voter disenfranchisement, and (2) Defendants' failure to conduct the Election in accordance with the express requirement in the Tribe's Constitution that 30% of eligible voters must participate in any election to amend the same Tribal Constitution.

## PARTIES

2. Plaintiff Charles K. Hudson is an enrolled adult member of the Three Affiliated Tribes of the Fort Berthold Reservation, North Dakota (hereinafter, "the Tribe") and resides in Portland, Oregon, and not on the Fort Berthold Reservation.

3. Sued in her official capacity, Sally Jewell is Secretary of the United States Department of the Interior.

4. Sued in his official capacity, Kevin Washburn is Assistant Secretary for Indian Affairs, United States Department of the Interior.

5. The United States Department of the Interior is an executive department of the government of the United States of America.

## JURISDICTION

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202 because this action presents questions arising under federal law. The United States has waived immunity to this action in the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

**VENUE**

7. Venue is proper in this district under 28 U.S.C. § 1391(e)(1) because the United States Defendants reside and may be found here.

**FACTUAL BACKGROUND**

8. On April 16, 2013, the Great Plains Regional Director, an officer of the BIA, authorized the Superintendent of the Fort Berthold Agency, a subdivision of the BIA, to conduct a Secretarial Election for the Tribe in accordance with the agency's regulations at 25 CFR Part 81.

9. The subjects of the Secretarial Election were two Proposed Amendments to the Tribe's Constitution and Bylaws.[1]

10. Proposed Amendment 1 would amend the Constitution to modify the composition of the Tribal Business Council (the Tribe's governing body) by increasing the number of representatives from each voting district from a single representative to at least two representatives, based on the population of qualified voters in each voting district, and change the legal quorum for Council action to two-thirds of the Tribal Business Council.

11. Proposed Amendment 2 would amend the Constitution to prohibit felons from serving on the Tribal Business Council and to provide for recall of Tribal Business Council representatives.

12. Prior to the Election, Fort Berthold Agency Superintendent Timothy LaPointe mailed a cover letter entitled "NOTICE OF SECRETARIAL ELECTION AND NEED TO REGISTER" ("Cover Letter") along with various materials ("Election Packet"), to members of the Tribe.

---

[1] These documents and other documents referred to in this Complaint appeared in the administrative record prepared by Defendants in the proceeding before the Interior Board of Indian Appeals and are believed to be in their possession.

13. The Election Packet included the Cover Letter, the text of the Proposed Amendments, a tri-fold document entitled "Notice and Rules of Secretarial Election," attached as Exhibit 3 ("Election Brochure"), a Voter Registration Form, and an Absentee Ballot Request Form.

14. The Election Brochure stated that any challenge to the Election must be received by the Superintendent within three days following the posting of the results of the Election.

## CONFLICTING INFORMATION REGARDING VOTER ELIGIBILITY

15. Article IV of the Constitution and Bylaws of the Three Affiliated Tribes of the Fort Berthold Reservation ("Tribal Constitution"), attached as Exhibit 2, defines those eligible to vote as follows: "Any member of the Three Affiliated Tribes of the Fort Berthold Reservation, who is eighteen (18) years of age and over, shall be eligible to vote at any tribal election."

16. The Cover Letter stated that tribal members wishing to vote by Absentee Ballot must return the Absentee Ballot Request Form for one of the reasons specified on that Form to receive an Absentee Ballot.

17. The Absentee Ballot Request Form required tribal members to choose one of three reasons for being unable to vote in person on July 30, 2013: (1) "I am physically unable to attend the polls because of [Serious Illness, Physical Disability, or Other]," (2) "I am temporarily absent from the Fort Berthold Reservation because of [Military Service, College, or Other]," or (3) "I am a non-resident voter. I do not live on the Fort Berthold Reservation."

18. The Absentee Ballot Request Form required absentee voters to certify by signature: "I hereby certify that I am a member of the Three Affiliated Tribes Indians [sic] and that I am at least 18 years of age or will be at least 18 years of age on the date of the Secretarial Election (July 30, 2013). I have registered to vote in the upcoming Secretarial Election. Further,

I acknowledge that I have received a copy of the proposed amendments and I am qualified to vote in the Secretarial Election."

19. The Election Brochure included by the Superintendent in the Election Packet was not included in the IBIA Administrative Record delivered to Plaintiff but was referenced in the IBIA Decision, 61 IBIA at 254 n.2.

20. The Election Brochure set forth only two of the three eligibility criteria from the Absentee Ballot Request Form described *supra*, stating "8. Absentee Voting: A registered voter may vote by absentee ballot if they are unable to vote at the polling place because of temporary absence from the reservation, illness, or physical disability."

21. In contrast to the Absentee Ballot Request Form, the Election Brochure made no mention of the eligibility of qualified tribal members to vote by absentee ballot by reason of living off-reservation.

22. The Tribe's Constitution provides that all members eighteen years and over are eligible to vote in any Secretarial election, regardless of their residence on the Reservation.

23. The Election Brochure and the Absentee Ballot Request Form set forth conflicting information regarding the criteria for absentee voting.

24. According to the Cover Letter, the blue Election Brochure appeared in the Election Packet before the Absentee Ballot Request Form.

25. An otherwise qualified voter permanently living off the reservation, having read that absentee voting is available only in cases of "temporary absence from the reservation, illness, or physical disability," would likely believe themselves ineligible to vote in the Election.

26. It is likely that qualified voters permanently living off the reservation who would have voted did not, believing themselves ineligible to do so as a direct result of the conflicting

5

information. Defendants' procedural error in providing conflicting information tainted the Election and cast doubt on the integrity of the Election results.

## FAILURE TO MEET CONSTITUTIONAL VOTING REQUIREMENTS

27. Article X of the Tribal Constitution states, "This Constitution and Bylaws may be amended by a majority vote of the qualified voters of the tribes voting at an election called for that purpose by the Secretary of the Interior, provided that at least thirty (30) percent of those entitled to vote shall vote in such election; but no amendment shall become effective until it shall have been approved by the Secretary of the Interior."

28. On July 13, 2013 there were 9,270 members of the Tribe over the age of 18 years.

29. Pursuant to the Constitution Articles IV and X, any amendment to the Tribe's Constitution at the July 30, 2013 election would require a majority vote with a quorum of 2,781 voters.

30. In contrast to the express Constitutional requirement of Article X, the Election Brochure stated, "The proposed amendments of the constitution shall be considered adopted if the majority of voters vote in favor of the adoption; provided at least 30 percent of those registered voters have cast ballots in the election."

31. Defendants' own records indicate that only 1,249 members registered to vote in the July 30, 2013 Election.

32. Because the registration did not reach the quorum of 2,781 voters pursuant to the requirements of the Tribal Constitution, the Superintendent should not have proceeded with the Election.

33. Notwithstanding the constitutional deficiency, the Election was held on July 30, 2015. Defendants' records indicate that of the 1,249 members registered, only 510 ballots were cast.

34. Instead of the 30 percent quorum of qualifying votes necessary to amend the Tribe's Constitution, only 5.5 percent of qualifying voters cast a ballot in the July 30, 2015 Election.

35. On July 31, 2013, Election Board Chairman Timothy LaPointe certified the election "in accordance with 25 CFR Part 81." Proposed Amendment 1 passed with 303 votes in favor (only 3.2 percent of eligible voters). Proposed Amendment 2 passed with 443 votes in favor (only 4.7 percent of eligible voters).

36. On August 13, 2013, the Fort Berthold Tribal Council passed Resolution 13-122-VJB, attached as Exhibit 4, which formally requested on behalf of the Tribe that the BIA decertify the July 30, 2013 Election on the basis that the actual number of voters was disproportionate relative to the number of qualified voters, and transmitted the Resolution to Defendants on August 19, 2013.

37. On September 13, 2013, Regional Director Weldon Loudermilk denied the Tribe's request by letter to the Tribe's Chairman Tex Hall, approved both Proposed Amendments and formally designated them as Amendments to the Tribe's Constitution. That action is automatically stayed pending the final outcome of this legal challenge.

## REQUIREMENTS OF 25 CFR PART 81

38. BIA regulations at 25 CFR Part 81 define Defendant's process for the conduct of Secretarial Elections.

39.     25 CFR § 81.5(d) provides that the Tribe's Constitution controls where there is a conflict between the Tribal Constitution's amendment article and BIA Regulations.

## PLAINTIFF'S CHALLENGE

40.     On August 5, 2013, Plaintiff contacted Timothy LaPointe, Secretarial Election Board Chairman, and reached an understanding that an appeal filed that day would be timely and that such appeal could be accepted via email.

41.     Plaintiff filed his challenge by email August 5, 2015 at 2:55pm, challenging the Secretarial Election on the basis that, *inter alia*, the number of votes cast fell short of the Article X requirement in the Constitution that 30 percent of qualified voters participate, and that the conflicting information regarding eligibility to vote by absentee ballot likely dissuaded otherwise qualified off-reservation voters from participating.

42.     On September 13, 2013, Regional Director Weldon Loudermilk sent Plaintiff a letter rejecting his challenge as untimely and failing to provide substantiating evidence.

43.     On January 22, 2014, Plaintiff appealed the Regional Director's decision to the Interior Board of Indian Appeals ("IBIA").

44.     In their February 13, 2014 Answer Brief before the Interior Board of Indian Appeals, Defendants admitted that Plaintiff's challenge was in fact timely and properly filed but asserted that Plaintiff had failed to include substantiating evidence supporting his claims.

45.     On September 15, 2015, the IBIA entered an order dismissing Plaintiff's claims.

46.     As outlined above, Plaintiff has exhausted his administrative remedies and all conditions precedent to bringing this action have occurred or been met.

## COUNT I
## (DECLARATORY JUDGMENT – LANGUAGE DISENFRANCHISED VOTERS)

47. The allegations set forth in paragraphs 1 through 46 are hereby incorporated herein as a part hereof.

48. Defendants' conduct of the Secretarial Election diminished the rights of Plaintiff and all other off-reservation voters that otherwise qualify to vote pursuant to the Tribe's Constitution, in violation of BIA regulations at 25 CFR Part 81.

49. Defendant's conduct intruded on the Tribe's sovereign power to adopt its own governing documents and be ruled by them in violation of Section 16 of the Indian Reorganization Act of 1934, 25 U.S.C. §476, and was therefore arbitrary, capricious and unlawful in violation of the Administrative Procedure Act.

50. Plaintiff is entitled to an Order declaring that the Defendants' conduct diminished the rights of Plaintiff and other off-reservation voters in violation of the Tribe's Constitution, the Indian Reorganization Act of 1934, BIA regulations and the Administrative Procedure Act.

## COUNT II
## (DECLARATORY JUDGMENT – FAILURE TO REACH QUORUM FOR ELECTION)

51. The allegations set forth in paragraphs 1 through 46 and 48 through 50 are hereby incorporated herein as a part hereof.

52. Defendants' certification of the Secretarial Election with less than a 30 percent quorum violated the Tribe's Constitution and Defendants' own regulations at 25 CFR 81.5(d), and was therefore arbitrary, capricious and unlawful in violation of the Administrative Procedure Act.

53.     Plaintiff is entitled to an Order declaring that the Defendants' conduct diminished the rights of Plaintiff and other off-reservation voters in violation of the Tribe's Constitution, the Indian Reorganization Act of 1934, BIA regulations and the Administrative Procedure Act.

## COUNT III
## (MANDATORY INJUNCTION – VACATE SECRETARIAL ELECTION)

54.     The allegations set forth in paragraphs 1 through 46, 48 through 50 and 52 through 53 are hereby incorporated herein as a part hereof.

55.     Plaintiff is entitled to an Order that the Defendants set aside their certification of the July 30, 2013 Secretarial Election.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order:

A.     **DECLARING** that Defendants' conduct diminished the rights of Plaintiff and all other off-reservation voters in violation of the Tribe's Constitution, the Indian Reorganization Act of 1934, BIA regulations and the Administrative Procedure Act; and

B.     **DECLARING** that the BIA must conduct future Elections in conformance with the Tribe's Constitution, including its Article X requirement that at least 30 percent of the Tribe's adult membership participate in any amendment to the Tribal Constitution; and

C.     **VACATING** the July 30, 2013 Secretarial Election; and

D.     **GRANTING** such further relief as this Court deems just and proper.

//
//
//

**DATED** this 12th day of November 2015.

**WASHINGTON, DISTRICT OF COLUMBIA**

**BY COUNSEL**

/s/
Patrick M. Sullivan  (D.C. Bar No. 1018119)
DICKINSON WRIGHT PLLC
1875 Eye Street, N.W. - Suite 1200
Washington, D.C.  20006
Telephone: (202) 659-6936
Facsimile: (202) 659-1559
psullivan@dickinsonwright.com

**OF COUNSEL**

Dennis J. Whittlesey (DC Bar No. 053322)
DICKINSON WRIGHT PLLC
1875 Eye St, N.W. - Suite 1200
Washington, D.C.  20006
Telephone: (202) 659-6928
Facsimile: (202) 659-1559
dwhittlesey@dickinsonwright.com

DC 99999-100 264783v1